UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTOINE EDWARDS (#748056)

VERSUS

DEPT. OF PUBLIC SAFETY AND CORRECTIONS

CIVIL ACTION

NO. 23-339-JWD-RLB

**ORDER**

This matter comes before the Court on the plaintiff's Motions for Reconsideration (R. Doc. 7 and 8). On June 22, 2023, this Court notified the plaintiff of certain deficiencies in his pleadings. *See* R. Doc. 2. The plaintiff failed to correct these deficiencies and this matter was dismissed on July 31, 2023. *See* R. Docs. 3 and 4. Plaintiff now asserts that he did forward pleadings in response to the Court's deficiency notice, but these pleadings were docketed as a new case in 23-cv-540.

**Standard to be Applied**

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* (citing *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). Here, Plaintiffs' Motion was filed on March September 25, 2023, which is more than twenty-eight days after the Court entered its Judgment of July 31, 2023. Accordingly, the Court must analyze Plaintiffs' Motion pursuant to Rule 60.

*Rule 60*

Federal Rule of Civil Procedure 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.

A Rule 60(b) motion is not an opportunity for a party to relitigate its case. *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007). Nor is the motion an opportunity to rehash prior arguments. *See Stewart v. Leonard*, 695 F. App'x 800, 801 (5th Cir. 2017).

**Procedural History**

In the instant matter the plaintiff filed a Complaint on or about May 4, 2023. *See* R. Doc. 1. On June 22, 2023, the Court notified the plaintiff of certain deficiencies in his pleadings. On July 11, 2023, the plaintiff filed amended pleadings in response to the Court's notice, but these pleadings were mistakenly docketed as a new action in 23-cv-540 due to the plaintiff's failure to label his complaint as an amended complaint or note the appropriate case number thereon. Consequently, the instant matter was dismissed on July 31, 2023. *See* R. Docs. 3 and 4. On August 4, 2023, the plaintiff notified the Court of the mistake via a "memorandum." *See* R. Doc. 6. Nevertheless, the plaintiff proceeded in the newly filed action which was ultimately dismissed on September 25, 2023. *See* 23-cv-540 at R. Docs. 12 and 13. On the same date, the plaintiff filed a Motion for Reconsideration in the instant matter (R. Doc. 7) and in 23-cv-540 (R. Doc. 15 therein).

On October 3, 2023, the plaintiff filed a second motion seeking reconsideration in the instant matter. *See* R. Doc. 8. On the same date, the plaintiff also filed a second motion seeking

reconsideration in 22-cv-540. *See* R. Doc. 17 therein. Thereafter, the plaintiff continued to file various pleadings in 22-cv-540 until his pending motions were denied on March 25, 2024. *See* R. Doc. 25 therein.

**Analysis**

Had the plaintiff designated his complaint as an amended complaint or noted the appropriate docket number thereon, a new case would not have been opened. However, the plaintiff did not, and a new case was opened in error. Had the plaintiff filed an earlier motion regarding the filing of his intended amended pleadings as a new action, the Court would have consolidated the two cases. However, the Court had no opportunity to do so since a motion was not filed.

Instead, the plaintiff proceeded in the new case (22-cv-540) and was notified that his Complaint was deficient. Instead of correcting the deficiency, the plaintiff filed a copy of the same Complaint. Due to the plaintiff's failure to correct the deficiency, the Court was unable to ascertain who the plaintiff intended to name as defendants in the matter and dismissed the action. *See* R. Doc. 12 in 22-cv-540.

The Court has no reason to believe said deficiency would have been corrected if the amended complaint had been filed in the instant matter. The plaintiff failed to follow the instructions included on the form provided to him by the Court, and again failed to follow said instructions even after the Court specifically directed his attention to the same in 22-cv-540. *See* R. Doc. 3 in 22-cv-540. Nothing in the records of either case indicates that a different outcome would have occurred had the amended pleadings been filed in the instant matter rather than as original pleadings in a new action. As such, there is no mistake or any other reason justifying relief pursuant to Rule 60(b). Accordingly,

**IT IS ORDERED** that the plaintiff's Motions (R. Docs. 7 and 8) be and are hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on June 7, 2024.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**